# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANOH KOUAME INNOCENT, | : | |
|     Petitioner | : | |
| | : | No. 1:19-cv-184 |
| v. | : | |
| | : | (Judge Kane) |
| ATTORNEY GENERAL OF THE | : | |
| UNITED STATES, | : | |
|     Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Tanoh Kouame Innocent ("Petitioner")'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), without a bond hearing. (Doc. No. 1.) Following an Order to Show Cause (Doc. No. 5), Respondent filed a response, contending that Petitioner's detention is constitutional "due to the significant likelihood of his removal in the reasonably foreseeable future, and because he has not been detained pursuant to 8 U.S.C. § 1231(a)(6) in excess of six months." (Doc. No. 7 at 1.) Petitioner has not filed a traverse. For the reasons set forth below, the Court will dismiss Petitioner's petition for writ of habeas corpus without prejudice as premature.

## I. BACKGROUND

Petitioner is a citizen and national of the Ivory Coast. (Doc. No. 7-1, Ex. 1.) He entered the United States on or about October 12, 1992, as a nonimmigrant alien. (Id. at 2-3.) Petitioner submitted a request for asylum on July 31, 1993. (Id.) On April 16, 1997, ICE issued a Notice to Appear, charging Petitioner as being removable pursuant to § 237(a)(1)(B) of the Immigration and Nationality Act ("INA") because he remained in the United States after admission for a time

1

longer than permitted.  (Id., Ex. 2.)  Petitioner's hearing was scheduled for September 10, 1997.  (Id., Ex. 3.)  Petitioner, however, failed to appear, and his case was administratively closed.  (Id.)

On November 15, 2017, Petitioner was convicted in the United States District Court for the Eastern District of Virginia of wire fraud and aggravated identity theft.  (Id., Ex. 1 at 2.)  He was sentenced to 54 months of imprisonment.  (Id.)  On December 11, 2017, Petitioner was released to the custody of ICE from the custody of the Bureau of Prisons.  (Id.)

On January 9, 2018, Petitioner's immigration proceedings were re-calendared and venue was transferred to York, Pennsylvania.  (Id., Ex. 4.)  On January 23, 2018, ICE lodged additional charges of removability against Petitioner.  (Id., Ex. 5.)  Specifically, ICE charged Petitioner as being removable under § 237(a)(2)(A)(iii) of the INA for his conviction of an aggravated felony offense involving fraud or deceit for which the loss exceeded $10,000.00.  (Id.)  On May 8, 2018, an immigration judge denied Petitioner's applications for asylum, withholding of removal, and relief under the Convention against Torture Act ("CAT") and ordered that he be removed to the Ivory Coast.  (Id., Ex. 6.)  The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of that decision on September 6, 2018.  (Id., Ex. 7.)

On October 9, 2018, Petitioner filed a petition for review with the United States Court of Appeals for the Third Circuit.  (Id., Ex. 8.)  ICE attempted to remove Petitioner from the United States on November 5, 2018, but Petitioner refused to board the airplane and was returned to the Pike County Correctional Facility.  (Id., Ex. 9.)  On November 13, 2018, Petitioner filed a motion for stay of removal with the Third Circuit.  (Id., Ex. 8.)  Pursuant to its standing practice order, the Third Circuit granted Petitioner a temporary stay on November 14, 2018.  (Id.)  On December 12, 2018, the Third Circuit lifted the temporary stay and denied Petitioner's motion for a stay of removal.  (Id.; Ex. 8, Ex. 10.)  Respondent asserts that "ICE has once again initiated

removal efforts for [Petitioner]." (Doc. No. 7 at 4.) Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 1, 2019. (Doc. No. 1.)

## II. DISCUSSION

An alien detained pursuant to a final order of removal is subject to the provisions outlined in § 1231. Under that section, "the Attorney General shall remove [an] alien [subject to an order of removal] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

> **(i)** The date the order of removal becomes administratively final.
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Id. § 1231(a)(1)(B). During this period, "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2)." Id. § 1231(a)(2). After the 90-day period has expired, the alien may be held in continued detention, or may be released under supervision. 8 U.S.C. § 1231(a)(3), (6). In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court concluded that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 699. Thus, "[o]nce removal is no longer reasonably foreseeable, continued detention is longer authorized by statute." Id. To establish a uniform baseline, the Court noted that a period of six (6) months is a "presumptively reasonable period of detention." Id. at 701.

The immigration judge ordered Petitioner removed on May 8, 2018. (Doc. No. 7-1, Ex. 6.) The BIA dismissed Petitioner's appeal on September 6, 2018. (Id., Ex. 7.) Petitioner appealed to the Third Circuit, and the Third Circuit issued a temporary stay of removal on

3

November 14, 2018. (Id., Ex. 8.) As Magistrate Judge Mehalchick has noted, "[t]his District is split on whether the BIA's decision renders an order of removal 'administratively final' or if the issuance of a stay of removal prevents the order of removal from reaching administrative finality." Lianfu Liang v. Lowe, No. 1:17-CV-01735, 2018 WL 4692467, at *2 (M.D. Pa. Aug. 31, 2018) (citing Patel v. Doll, No. 1:17-CV-01594, 2018 WL 2307017, at *3 (M.D. Pa. Apr. 11, 2018); Chica-Iglesia v. Lowe, No. 1:18-CV-0035, 2018 WL 1960438 (M.D. Pa. Apr. 25, 2018)), Report and Recommendation adopted by 2018 WL 4680054 (M.D. Pa. Sept. 28, 2018). Regardless of whether Petitioner's order of removal was final at the time of the Third Circuit's stay of removal, the stay ensured that Petitioner remained detained pursuant to the pre-removal provisions set forth in 8 U.S.C. § 1226.

The Third Circuit lifted the stay of removal on December 12, 2018. (Doc. No. 7-1, Ex. 8, Ex. 10.) Accordingly, the 90-day removal period commenced at that time. See Omollo v. Warden, York Cty. Prison, No. 3:17-cv-1039, 2018 WL 2292533, at *2 (M.D. Pa. May 18, 2018) ("The dismissal of Omollo's pending petition for review [by the Third Circuit Court of Appeals] converted [Omollo's] mandatory detention under Section 1226 to post-final order detention under Section 1231."); Gekara v. Lowe, No. 3:17-cv-1693, 2019 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018) ("However, the ninety-day removal did not commence until October 2, 2017, when the Third Circuit lifted its temporary stay of removal upon deciding that Petitioner did not satisfy the requirements for a stay of removal pending a decision on his petition for review."); Payano v. Lowe, No. 3:16-cv-2029, 2016 WL 6995433, at *2 (M.D. Pa. Nov. 30, 2016) ("However, the ninety-day removal period did not commence until November 8, 2016, when the Third Circuit lifted its temporary stay of removal upon deciding that Petitioner did not satisfy the

requirements for a stay of removal pending a decision on his petition for review."). Petitioner's 90-day removal period thus recently expired on March 12, 2019.

Petitioner filed his petition on February 1, 2019, prior to the expiration of the 90-day removal period. Accordingly, Petitioner's post-removal detention is "presumptively reasonable" because he has not yet been held in ICE custody for longer than six (6) months. See Zadvydas, 533 U.S. at 701; Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (noting that the "six-month period thus must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under Zadvydas"). "A petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature." Gekara v. Lowe, No. 3:17-1693, 2018 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018). Because Petitioner's petition was prematurely filed, there is no need for the Court to determine whether he has established "that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

### III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be dismissed without prejudice as premature. An appropriate Order follows.